Filed 9/25/14  P. v. Thomas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C075142 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF 07-4340 & CRF 13-2844) |
| v. | |
| CALVIN ANTHONY THOMAS, | |
| Defendant and Appellant. | |

On September 26, 2008, defendant Calvin Anthony Thomas pleaded no contest in case No. CRF 07-4340 to three counts of theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)), three counts of receiving stolen property (Pen. Code, § 496, subd. (a)),[1] misdemeanor acquiring an access card without consent (§ 484e, subd. (c)), felony acquiring an access card with intent to defraud (§ 484e, subd. (d)), misdemeanor

---

[1]     Undesignated statutory references are to the Penal Code.

1

providing false information to a police officer (§ 148.9, subd. (a)), and admitted two prior prison term allegations (§ 667.5, subd. (b)).

On December 5, 2008, the trial court imposed a seven-year state prison sentence, suspended execution of sentence, and placed defendant on five years' formal probation.

On February 3, 2012, the trial court found defendant violated his probation. Sentencing defendant on the same day, the trial court executed the seven-year term, but sentenced defendant pursuant to section 1170, subdivision (h), consisting of 1,640 days in county jail followed by 910 days of mandatory supervision.

The People appealed the decision to sentence defendant under section 1170, subdivision (h) rather than executing the previously imposed and stayed state prison term. We modified the sentence to a seven-year state prison term and directed the trial court to prepare an amended abstract reflecting the new sentence, as well as making the necessary arrangements to transfer defendant to state prison.

On October 15, 2013, less than two months after we issued our decision in the People's appeal, defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11378) and admitted a prior strike (§ 667, subd. (c)) in case No. CRF 13-2844. The trial court sentenced defendant to a stipulated term of 16 months in state prison, to be served consecutively to the seven-year state prison term in case No. CRF 07-4340.

On appeal, defendant contends there is an error in the abstract and in the minute orders. We affirm.

BACKGROUND

We dispense with a summary of the facts of defendant's crimes as they are unnecessary to resolve this appeal.

Sentencing defendant in case No. CRF 13-2844, the trial court imposed a $40 court operations assessment (§ 1465.8) and a $30 court facilities fee (Gov. Code,

2

§ 70373).  The combined abstract of judgment for case Nos. CRF 13-2844 and CRF 07-4340 shows a $220 court operations assessment and a $30 court construction fee.

DISCUSSION

I

Defendant contends the $220 court operations assessment in the abstract is either an error or a combination of the $40 fee imposed in case No. CRF 13-2844 and the court operations assessment imposed in 2008 in case No. CRF 07-4340.  He further notes that there is no reference to whether any 2008 fines remained unpaid in the abstract or anywhere else in the record.  He asks us to order a correction to the abstract to only the single $40 court operations assessment imposed case No. CRF 13-2844.  The Attorney General agrees, claiming the $220 total "is not only necessarily mathematically incorrect, but it further does not reflect the actual oral rendition of judgment made by the sentencing court, which generally prevails over any contrary written order."

Section 1465.8, subdivision (a)(1) states in pertinent part:  "To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense."  As originally enacted in 2003, the fee was $20.  (Stats. 2003, ch. 159, § 25, p. 1676.)  It was increased to $30, effective July 28, 2009.  (Stats. 2009-2010, 4th Ex. Sess., ch. 22, § 29 (SB13XXXX).)  The current $40 fee was made effective June 27, 2012.  (Stats. 2012, ch. 41, § 67.)

Defendant was convicted of nine offenses for case No. CRF 07-4340 in September 2008, when the assessment was $20, for a total assessment of $180.  When he was convicted of one offense for case No. CRF 13-2844 in October 2013, the fee was $40.  Therefore, the $220 assessment in the abstract reflects a correct assessment of defendant's court operations assessment liability for the two cases.[2]

---

[2]    Defendant contends there is an anomaly between the single $30 court facilities fee (Gov. Code, § 70373) in the abstract and the $220 court operations assessment.  Not so.

3

The abstract of judgment is on the standard Judicial Council Forms, form CR-290. That form generally allows for distinctions between separate sentences in different cases, such as allotting spaces for multiple restitution fines. (§ 1202.4.) However, the form contains a single space for the court operations assessment and the court facilities fee.

The abstract correctly states the conviction assessment and places it in the space allotted in the Judicial Council form. Finding nothing wrong or confusing about the abstract, we reject defendant's invitation to order a correction of a nonexistent error.

II

Defendant contends various minute orders, including the minute order for sentencing, incorrectly refer to a $154.48 booking fee even though no such fee exists in the pronouncement of judgment or abstract. The Attorney General agrees.

When a defendant is sentenced to prison, the abstract of judgment is the document referred to by the Department of Corrections and Rehabilitation when collecting fines, fees, and assessments from the defendant. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) Ordering a new minute order would not "correct" the erroneous references in the

Although, like the court operations assessment, this fee is mandatory and applies to a conviction for every offense (Gov. Code, § 70373), the court facilities fee was enacted in 2009, with an effective date of January 1, 2009. (Stats 2008, ch. 311, § 6.5.) Defendant was therefore not subject to a court facilities fee for the case No. CRF 07-4340 offenses, as those convictions happened before the statute's effective date. Hence, he was liable for a single facilities fee for the one offense he was convicted of in case No. CRF 13-2844.

We additionally reject the Attorney General's claim that the $220 assessment in the abstract did not reflect the trial court's pronouncement of judgment when sentencing defendant in case No. CRF 13-2844. Our remittitur in the appeal for case No. CRF 07-4340 directed the trial court to amend the abstract, but we did not remand for resentencing, as we had already modified the sentence to correct the trial court's error. When sentencing defendant in case No. CRF 13-2844, the trial court did not have the authority to change any part of the sentence previously imposed in the prior case, particularly the fines and fees imposed at the grant of probation, as those were final when defendant did not appeal from the order granting probation.

4

old minute orders.  It would simply order the trial court to issue another record that the Department of Corrections and Rehabilitation would not use.  Preferring to avoid empty acts, we decline the parties' invitation.

DISPOSITION

The judgment is affirmed.


      NICHOLSON      , Acting P. J.



We concur:



      HULL      , J.



      MURRAY      , J.